FILED

2018 DEC 14 PM 2:55

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

WALTER MORYAN,  ) Case No.: 6:18-cv-2144-ORL-41-TBS
  )
  Plaintiff,  )
  ) COMPLAINT AND DEMAND
v.  ) FOR JURY TRIAL
  )
FIRST NATIONAL COLLECTION  ) (Unlawful Debt Collection Practices)
BUREAU, INC.,  )
  )
  Defendant.  )

## COMPLAINT

WALTER MORYAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FIRST NATIONAL COLLECTION BUREAU, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Deltona, Florida 32738.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

11. Defendant is a national debt collection company with its corporate headquarters located at 610 Waltham Way, Sparks, Nevada 89434.

12. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

13. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

14. Debt collection is the principal purpose of Defendant's business.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Plaintiff has a cellular telephone.

17. Plaintiff has solely used this phone as a cellular telephone.

18. Beginning in or about December 2017 and continuing through February 2018, Defendant called Plaintiff on a repeated basis, about every other day, attempting to collect an alleged consumer debt.

19. During this time, Defendant called Plaintiff on his cellular telephone utilizing an automatic telephone dialing system and/or pre-recorded voice or message.

20. Plaintiff knew that Defendant was calling using an automated telephone dialing system and/or pre-recorded voice or message as calls often began with a pause or a delay prior to speaking to one of Defendant's collectors.

21. Defendant's calls were not made for "emergency purposes."

22. Upon initial communication with Defendant in or about December 2017, Plaintiff told Defendant he did not owe the debt and told Defendant to stop calling.

23. Once Defendant was informed that its calls were unwanted and was told to stop calling, its continued calls could have served no lawful purpose besides harassment.

24. Any continued calls could only have been placed for the purpose of harassing Plaintiff.

25. Nevertheless, Defendant persisted in calling Plaintiff on a repeated basis through February 2018.

26. Defendant occasionally called Plaintiff before 8:00 a.m. and after 9:00 p.m. during this time.

27. Plaintiff found Defendant's calls to be harassing, intrusive and distressing throughout this time period.

## COUNT I
## DEFENDANT VIOLATED §§ 1692c(a)(1) OF THE FDCPA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from contacting consumers at times known to be inconvenient, including before 8:00 a.m. and after 9:00 p.m.

30. Defendant violated § 1692c(a)(1) of the FDCPA when it placed calls to Plaintiff before 8:00am and after 9:00pm.

## COUNT II
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

33. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

34. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed

- 4 -

PLAINTIFF'S COMPLAINT

repeated harassing telephone calls to Plaintiff and when it continued to call knowing its calls were unwanted.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

37. Defendant's calls to Plaintiff were not made for "emergency purposes."

38. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

39. Any consent Defendant may have thought it had to call Plaintiff on his cellular telephone using an automatic telephone dialing system or prerecorded voice was revoked at the moment Plaintiff told Defendant to stop calling him.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT IV
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

45. Defendant violated § 559.72(7) when it called Plaintiff repeatedly and continuously, approximately every other day, and continued to call Plaintiff relentlessly despite being informed by Plaintiff that he did not owe the debt and was told to stop contacting him on his cellular telephone.

WHEREFORE, Plaintiff, WALTER MORYAN, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

i. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

j. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WALTER MORYAN, demands a jury trial in this case.

Respectfully submitted,

Dated: December 13, 2018

By: /s/ *Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT